UNITED STATES DISTRICT COURTT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-03784 |
| | § | |
| 2019 CADILLAC ESCALADE and | § | |
| 2019 BMW X6, | § | |
| Defendants. | § | |

### VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM AND NOTICE TO POTENTIAL CLAIMANTS

Plaintiff, the United States of America, files this action for forfeiture *in rem* against two vehicles, a 2019 Cadillac Escalade and a 2019 BMW X6, hereinafter referred to as the "Defendant Property." In support of forfeiture, the United States alleges on information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a), as well as *in rem* jurisdiction pursuant to 28 U.S.C. § 1355(b)(1).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b), 1391(b), and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas. In addition, the Defendant Property is located in the Southern District of Texas.

### DEFENDANT PROPERTY SUBJECT TO FORFEITURE

3. The Defendant Property consists of the following two vehicles:

- A 2019 Cadillac Escalade, VIN # 1GYS4KKJXKR205025

- A 2019 BMW X6, VIN # 5UXKU2C52K0Z63712

4. The United States alleges that Defendant Property constitutes or is derived from proceeds traceable to drug trafficking and is also property involved in money laundering.

1

## STATUTORY BASIS FOR FORFEITURE

5. This is a civil action *in rem* brought to enforce the provisions 21 U.S.C. § 881(a)(6), which provides for the forfeiture of "all moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter," as well as "all proceeds traceable to such an exchange." Title 21 U.S.C. § 841 prohibits the distribution of a controlled substance. It further prohibits the possession of a controlled substance with the intent to distribute.

6. This action is also brought to enforce 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense." "Dealing in a controlled substance" is identified as a "specified unlawful activity" under 18 U.S.C. §§1956(c)(7)(A) and 1961(1)(D). In addition, any act involving "dealing in a controlled substance . . . which is chargeable under State law and punishable by imprisonment for more than one year" is a specified unlawful activity under 18 U.S.C. § 1961(1)(A).

7. This action is further brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property." Conducting a financial transaction involving more than $10,000 in proceeds of specified unlawful activity constitutes money laundering in violation of 18 U.S.C. § 1957.

## FACTUAL BASIS FOR FORFEITURE

8. The facts set forth below are not all the facts gathered by law enforcement during investigation. Rather, as required by Rule G(2)(f), this Complaint only contains sufficient facts to

support a reasonable belief that the government will be able to show by a preponderance of the evidence that the Defendant Property is subject to forfeiture.

## Background

9. The Houston Police Department Narcotics Division ("HPD") and the DEA conducted a joint investigation into a house in Houston, Texas ("Target Location"), which is located in the Southern District of Texas. The joint investigation received information that narcotics trafficking was occurring at the Target Location. As a result, the investigation conducted controlled buys at the Target Location, in which confidential sources purchased controlled substances under law enforcement direction. Two individuals, with initials VY and KY, were identified as selling narcotics out of the Target Location. Based on information obtained through the controlled buys, the investigation obtained a search warrant for the Target Location. The search warrant was signed on March 24, 2025, by a Harris County Hearing Officer.

10. On March 25, 2025, HPD and the DEA executed the search warrant at the Target Location. Inside the front living room area of the Target Location, they found VY with a loaded Smith and Wesson revolver in his left front pants pocket. KY was found shortly after in the bathroom, and she appeared to be flushing a substance down the toilet. Blue and white powder residue could be seen around the rim of the toilet.

11. KY stated she lived in the Target Location; however, it contained no beds and did not appear to be a living space.

12. A search of the Target Location revealed the following items: 157.1 grams of MDMA/Methamphetamine pills; 33.1 grams of marijuana; 21.9 grams of unknown white pills with no markings; 8.5 grams of Hydrocodone (Vicodin/Lorset) pills; 17 grams of Carisoprodol (Soma) pills; scales; pill bottles; and multiple drug ledgers. An HPD officer conducted a field test

of the methamphetamine pills, which produced positive results. To the right of the front door was a handwritten price list for prescription pills and additional narcotics.

13. The front living room area contained cash in several drawers labeled with various prescription names. In total, a search of that room uncovered approximately $9,868 in U.S. Currency. The search also located four pistols and a rifle in the front room.

14. A search of the back of the house revealed an additional $15,093 in U.S. Currency in one room, and an additional pistol in a second room.

15. In total, $24,961.00 in cash was recovered from the Target Location. A trained drug-sniffing dog working with an HPD officer had a positive alert on the cash, indicating the presence of narcotics. Harris County seized the money for forfeiture.

16. Both VY and KY were arrested on state drug trafficking charges, specifically, possession of methamphetamines with intent to distribute.

17. A Harris County Grand Jury later found that on March 25, 2025, KY unlawfully and knowingly possessed with intent to deliver Methamphetamine, a felony. In addition, it found that on the same date, VY unlawfully, intentionally, and knowingly possessed Methamphetamine weighing more than four grams and less than 200 grams, a felony.

### The Defendant Property

18. During the search on March 25, 2025, the Defendant Property—a black 2019 Cadillac Escalade and a black 2019 BMW X6—was found at the Target Location. KY informed investigators that she and VY had paid cash for both of the vehicles, and that the vehicles had no loans associated with them.

19. Although VY claims he runs a clothing business, a search of the Texas Workforce Commission records indicates that no business reported paying VY an income at any time. The

records further indicate that KY's last reported income was in the first quarter of 2023, and it was only $488.

20. The Cadillac is registered in the name of VY. It was purchased by VY on November 23, 2024, from Northside Lexus for a total sales price of $35,290. The purchase was made through a combination of the trade-in value of a prior vehicle, as well as approximately $20,000 in cash, specifically U.S. Currency.

21. The BMW is registered in the name of KY. It was purchased by KY from Heights Motor Credit on February 21, 2025, for a total price of $31,217.51. The entire balance was paid in cash.

22. Under the totality of the circumstances, including but not limited to: (1) the timeframe of the vehicle purchases; (2) the method of purchasing them with cash; (3) the owners' involvement in drug trafficking; (4) the lack of employment history of the owners; and (5) the cash discovered during the execution of the search warrant, there is reason to believe the vehicles were purchased with proceeds from the sale of controlled substances. In addition, the circumstances above indicate that the purchase of each vehicle involved a financial transaction involving more than $10,000 in proceeds from the sale of controlled substances.

## **CONCLUSION**

23. Based on the facts stated above, there is reason to believe that the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) as property traceable to the sale of controlled substances, as well as property involved in money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the Defendant Property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint was sent to you, in accordance with Rule G(5).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the Defendant Property to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney

*/s/ Elizabeth A. Wyman*
Elizabeth A. Wyman
Assistant United States Attorney
SDTX Admission Number 2294662
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: 713-567-9000
Fax: (713) 718-3300
Email: Elizabeth.Wyman@usdoj.gov

## VERIFICATION

I, Bryan Leach, a Detective with the Rosenberg Police Department and a Task Force Officer in the Houston Division of the Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Verified Complaint For Civil Forfeiture In Rem and Notice to Potential Claimants are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on __August 11, 2025__.

*Bryan R. Leach*
Bryan Leach
Task Force Officer
Drug Enforcement Administration